WOLVERINE LAND CO. v. AUDITOR GENERAL.

TAXATION—INVALID DEED—REFUNDING—CONSTRUCTION OF STATUTE.

Section 103 of the tax law of 1869 (1 How. Stat. § 1104), providing for a refunding of the purchase money for a tax title where the same had been "annulled pursuant to law" for any of the causes enumerated in section 164, referred to an annulment in the method prescribed by section 101, and did not apply where the title had been declared void in some other proceeding.

*Mandamus* by the Wolverine Land Company to compel Perry F. Powers, auditor general, to refund the consideration paid for a tax title. Submitted June 2, 1903. (Calendar No. 19,831.) Writ denied June 30, 1903.

*R. S. Woodliff* and *D. W. Closser*, for relator.

*Charles A. Blair*, Attorney General (*Charles W. McGill*, of counsel), for respondent.

HOOKER, C. J. Relator's grantor bought the premises described in its petition at tax sale many years ago, for taxes assessed in 1876, taking an auditor general's deed in 1901. Subsequently one Michael Brenner, claiming to own the same in fee, filed a bill in the circuit court to cancel the auditor general's deed, and a decree was made

in his favor.  The auditor general was a party to this suit.
Application was afterwards made to him to refund the
amount bid for the land, with interest, and upon his
refusal relator commenced this proceeding to compel it.
Respondent answered, and relator replied, but it is un-
necessary to refer to these pleadings further.

Relator's claim is based upon section 103 of Act No. 169,
Laws 1869.  Section 101 provides for the annulling of
deeds in certain cases by circuit courts upon filing certain
affidavits, etc., within two years, and within five years
when the land was not subject to taxation, or when the
taxes had been duly paid and receipted for.  1 How. Stat.
§ 1102.  Section 103 provides:

"SEC. 103.  In all cases where lands sold for taxes
have been conveyed by deed, and the title has been
annulled pursuant to law for any causes enumerated in
section one hundred and sixty-four of this act, the auditor
general shall, on presentation of a copy of the judgment
annulling the same, refund to the holder of said title the
purchase money and interest thereon, as the law requires,
and certify the fact to the proper county treasurer."  1
How. Stat. § 1104.

Section 164 is as follows:

" SEC. 164.  In all suits and controversies involving the
title to land claimed and held by virtue of a deed executed
by the auditor general of this State for nonpayment of the
taxes thereon, the person claiming adverse title to such
deed shall be required to prove, in order to defeat the title
conveyed by such deed, either that the land described
therein was not subject to taxation at the date of the assess-
ment of the tax for which it was sold; or that the taxes,
for the nonpayment of which such land was sold, were
paid to the proper officer within the time limited by law
therefor; or that the same had not been assessed for the
taxes for the nonpayment of which it was sold; or that
the same had been redeemed pursuant to law; or that
a certificate, in proper form, had been given by the proper
officer, within the time limited by law for paying taxes, or
redeeming from sales made for the nonpayment thereof,
stating that no taxes were due, or that the lands were not
subject to redemption; but no person shall be permitted to

question the title acquired by such auditor general's deed, without proving that he, or the person through whom he claims title, had title to the land at the time of the sale thereof for nonpayment of taxes, or subsequently, which title was acquired from the United States or from this State." 1 How. Stat. § 1166.

It is contended by counsel for the relator that section 103 authorizes a refunding wherever in any case involving the title to the land a circuit court has adjudged the tax deed invalid upon any of the grounds mentioned in section 164. We think otherwise. Section 103 limits the refunding to cases where the deed has been annulled pursuant to law for any of the causes enumerated in section 164. This section refers to the annulment provided for in the preceding section, viz., 101. Section 101 provides only for annulment, and is silent upon the subject of refunding. Section 103 provides for the refunding, but limits it by the provisions of section 164. Counsel say that this is not a limitation, because section 164 gives five reasons or grounds for contesting a deed, while section 101 gives but three for annulling; and it is urged that section 164 therefore enlarges the grounds mentioned as reasons for refunding, and, as section 101 does not make them all grounds for annulment, it must follow that section 103 includes some other method of annulment than that provided by section 101. Counsel's premises are faulty. Section 101 is broad enough to cover many irregularities not mentioned in section 164, but, while these are all grounds for annulment, they are not all grounds for refunding under section 103. Again, section 101 indicates a plain intent to limit the right to annulment to a short period, and is inconsistent with an intention to permit refunding at any time when the title may be attacked. This view of the case makes it unnecessary to discuss many questions that suggest themselves, including the effect of the repeal of the tax law of 1869, about which we express no opinion.

The writ is denied, with costs.

The other Justices concurred.